## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| DENTON COUNTY, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) ) ) ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to an employee or employees of the opposite sex, and to collect back wages due as a result of such unlawful payments. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (hereafter "EEOC" or "the Commission") alleges that Defendant, Denton County, discriminated against Charging Party Dr. Martha C. Storrie, a Primary Care Clinician employed with the Denton County Health Department, by engaging in unlawful compensation discrimination during which she has been paid lower wages and/or compensation than paid to her male counterpart for performing equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the

Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Denton County, has continuously been a county in the State of Texas.

5. At all relevant times, Defendant, Denton County, has continuously been a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

6. At all relevant times, Defendant, Denton County, has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant, Denton County, has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j), has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the

meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise with employees engaged in an activity of a public agency.

## STATEMENT OF EQUAL PAY ACT CLAIMS

8. Defendant, Denton County, violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Charging Party Dr. Martha C. Storrie lower wages and/or compensation than has been paid to her male colleagues for performing equal work.

(a) In October 2008, Defendant Denton County hired Dr. Storrie as a Primary Care Clinician in the Denton County Health Department.

(b) The job duties of the Primary Care Clinician were primarily to provide medical treatment and healthcare for Denton County residents in clinics run by the county, including a clinic in the Denton County jail.

(c) The starting salary for the Primary Care Clinicians is recommended by the Director of Public Health, and approved by the Denton County Commissioners Court. There is no written schedule setting the starting pay for Primary Care Clinicians at Denton County. The Director of Public Health has the sole discretion to recommend the amount of starting salary for the Primary Care Clinician.

(d) In August 2015, Denton County hired a male physician, Dr. Marty Buchanan, to occupy the position of Primary Care Clinician. Denton County paid Dr. Buchanan a starting salary that was at least $34,000 more than Dr. Storrie was being paid at the time he was hired.

(e) During her employment with Denton County, other male physicians in the position of Primary Care Clinician were paid higher wages and/or compensation than Dr. Storrie.

(f) Dr. Storrie performed work for Denton County in a position requiring equal skill, effort, and responsibility under similar working conditions and at the same Denton County facilities as the male Primary Care Clinicians hired by Denton County.

(g) Although Dr. Storrie brought the issue of pay discrepancy, which she believed to be based on sex, to the attention of the Director of Public Health, he failed or refused to remedy or even raise the payment of the lower wages to Dr. Storrie.

9. As a result of the acts complained of above, Defendant, Denton County, has unlawfully withheld the payment of wages which are due to Dr. Storrie for the position held and the work that she has performed.

10. The unlawful practices complained of in paragraphs 8 and 9 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, Denton County, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against females with respect to their compensation and from paying female employees lower compensation than their male comparators for performing equal work.

B. Order Defendant, Denton County, to institute and carry out policies, practices, and programs, which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant, Denton County, to make whole Dr. Martha C. Storrie by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and an equal sum as liquidated damages as a result of the acts complained of above.

D.     Grant a judgment requiring Defendant, Denton County to make whole Dr. Martha C. Storrie by providing other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

E.     Grant such further relief as this Court deems necessary and proper in the public interest.

F.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

DEVIKA SETH
Senior Trial Attorney
District of Columbia Bar No. 975161

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2764
Fax No. (214) 253-2749