IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § § |
| v. | §   CASE NO. 4:17-CV-614 § |
| DENTON COUNTY | § § |

### DENTON COUNTY'S MOTION FOR PROTECTIVE ORDER OR "GAG" ORDER AND REQUEST FOR EXPEDITED HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **DENTON COUNTY**, and files their MOTION FOR PROTECTIVE OR "GAG" ORDER AND REQUEST FOR EXPEDITED HEARING and would respectfully show the Court as follows:

### I.
### Introduction and EEOC's Ongoing Publicity Tactics

It is a well known ethical maxim that "A case should be tried in the courtroom and not in the media."[1] The EEOC has taken the opposite approach. In conjunction with filing this lawsuit the EEOC engaged in a media blitzkrieg touting their case. The very same day this case was filed, the EEOC issued a "Press Release"[2] which went well beyond just announcing the filing of suit. Cloaked in the aura of governmental edict, it is riddled with self-serving beliefs and conclusory comments about the County's conduct and its purported culpability. Notably absent in the Press Release is that the very statute upon which the allegations are premised - - and which the EEOC's own website "FACT SHEET" mentions[3] - - allows pay differentials based on factors such as seniority, merit, quantity or quality of production, or a factor other than sex.

---

[1] See, American College of Trial Lawyers CODE OF PRETRIAL AND TRIAL CONDUCT, cited more fully below

[2] A copy of same is attached as Exhibit No. 1

[3] Found at www.eeoc.gov/eeoc/publications/fs-epa.cfm

When confronted and questioned by the undersigned about the EEOC Press Release and the applicable rules of ethics governing public comments about pending litigation[4], Counsel for the EEOC "assured that EEOC intends to comply with all court and ethical rules regarding publicity. Court involvement should not be necessary."[5] But that did not happen. The very next day after the making those assurances there was a barrage of emails from the EEOC[6] forwarding the Press Release to, at least in one instance, another Texas County.[7] The Press Release also now appears on the EEOC website in the "newsroom"[8] which suggests that it [the EEOC "Virtual Newsroom"] is a repository of "research, data and statistics"[9] when in actuality it appears to be little more that a platform for other EEOC Press Releases.

Since the EEOC Press Release, various news organizations have cut and pasted the EEOC's narrative.[10] Through aggressive marketing of their spin on the case, the EEOC has done precisely what the rules of ethics and applicable law proscribe - - made extrajudicial statements that may prejudice an adjudicative proceeding. This Court should issue order(s) mandating that the EEOC comply with the applicable rules of ethics concerning pre-trial publicity.

---

[4] A copy of the undersigned's September 1, 2017, letter to EEOC's counsel is attached as Exhibit No. 2

[5] A copy of the EEOC's September 5, 2017, letter to the undersigned is attached as Exhibit No. 3

[6] When asked about this email forwarding the Press Release EEOC counsel Anderson advised she was unaware of same. Seemingly one hand does not know what the other hand is doing.

[7] A copy of same is attached as Exhibit No. 4

[8] Found at www.eeoc.gov/eeoc/newsroom/index.cfm

[9] The paragraph reads as follows: "Welcome to the EEOC's Virtual Newsroom, which offers a wide range of information and materials on the Commission's history, functions, procedures, programs, actions and staff, on the statutes we enforce, and on related research, data and statistics. We encourage everyone to browse and search through our continually updated Press Kit, which provides extensive background and context for virtually any question."

[10] i.e., Denton Record Chronicle "Denton County Faces Lawsuit For Unequal Pay", http://www.dentonrc.com/news/news/2017/09/05/denton-county-faces-lawsuit-unequal-pay and Law360.com "EEOC Accuses Texas County of Underpaying Female Doctors", www.law360.com/articles/961033/eeoc-accuses-texas-county-of-underpaying-female-doctors

## II.
## Applicable Rules of Ethics and Law

The American College of Trial Lawyers CODE OF PRETRIAL AND TRIAL CONDUCT[11] addresses "Public Statements about Pending Litigation", writing:

> "A case should be tried in the courtroom and not in the media. A lawyer should follow all rules and orders of the court concerning publicity. In the absence of a specific rule or order, a lawyer should not make any extrajudicial statement that may prejudice an adjudicative proceeding."

Likewise, the Texas Rules of Disciplinary Code Rule 3.07 entitled "Trial Publicity" provides in section (a) that:

> "In the course of representing a client, a lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicatory proceeding."

The Fifth Circuit has adopted the "substantial likelihood of material prejudice" standard when determining whether protective or "gag" orders should be issued. See, i.e., *United States v. Brown*, 218 F.3d 415 (5th Cir. 2000). In *Brown*, the Fifth Circuit commented that:

> [T]rial courts have an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity. . . . The beneficiaries of this duty include not only the defendant in a given trial. . . . The vigilance of trial courts against the prejudicial effects of pretrial publicity also protects the interest of the public and the state in the fair administration of criminal justice.

*Brown*, 218 F.3d at 423-24.

While *Brown* is a criminal case, the same principles of fair play apply herein, particularly since the EEOC is castigating the County as a "willful" statutory violator.[12]

---

[11] The adherence to this CODE is specifically encouraged by the Eastern District Local Rules. See, ED Local Rule AT-3(L)("The court also encourages attorneys to be familiar with the Codes of Pretrial and Trial Conduct promulgated by the American College of Trial Lawyers . . .").

[12] See, Ex. 1 ("The EEOC is also seeking liquidated (double) damages for alleged willfulness on the part of the county, when management failed to correct the matter even after the female physician brought it to their attention.")

### III.
### EEOC's Actions have substantial likelihood of Materially Prejudicing this Case

Given the public's likely perception and/or misunderstanding of the role of the EEOC, sweeping statements that the law has been violated and/or EEOC's counsel's personal opinion that Dr. Storrie was not properly paid[13] could create the incorrect assumption by the public [i.e. potential jurors] that there has already been some type final governmental determination as to the lawfulness of Denton County's conduct. There has not. In fact, Denton County intends to vigorously defend against these claims and show that its salary payments to Dr. Storrie were lawful and based on a determination "other than sex".[14] The EEOC Press release is at minimum was misleading and at worst had the substantial likelihood of material prejudice against Denton County.

Equally if not more problematic is the electronic national dissemination of the EEOC's commentary about their case, a tactic which could touch and taint the entire jury pool for the Eastern District of Texas. The Press Release should be removed from the EEOC website.

### IV.
### EEOC has previously been Admonished in the Eastern District for Misleading Press Releases

It is surprising that the EEOC would consider press releases of this nature to be appropriate after the motion for sanctions which was filed in *EEOC v. Laroy Thomas, Inc.*, 5:05-cv-183 and the resulting comments and admonitions by Magistrate Craven in her ORDER (Doc. 96).[15]

---

[13] EEOC Counsel Suzanne Anderson is quoted in the Press Release as adding "Denton County failed to properly pay Dr. Storrie for her important work in providing medical care in the county clinics and the jail. The county's approach to salaries resulted in a wage gap between Dr. Storrie and the male physicians that persisted throughout her long career with the county. The EEOC will continue to enforce compliance with the EPA to ensure that employees are paid equally when they perform equal work." See, Ex. 1.

[14] Medical care professionals with different levels of experience, certification, and specialization are needed to address the wide range of health care issues faced by the citizens of Denton County. The ability to spend tax dollars to hire the most qualified persons in the most fiscally responsible manner is not illegal nor improper.

[15] A copy of Magistrate Judge Craven's ORDER is attached as Exhibit No. 5

Magistrate Craven sagely noted that "The EEOC is governmental agency and as such is expected to adhere to a much higher standard in the quality of information it reports to the public." Further, in such ORDER, while denying the employer's request for sanctions, Magistrate Judge Craven expressly found that the Press Release was "misleading" and wrote:

> "The Court admonishes the EEOC to refrain from issuing such unbalanced press releases in the future."

The EEOC's counsel should have been well aware of this admonishment as the Court's docketsheet in Case No. 5:05-cv-183 reflects that the EEOC current counsel Canino and Anderson were also both counsel in the *Laroy-Thomas* case.

## V.
**Expedited Hearing Needed to Minimize Material Prejudice occurring on Daily Basis**

Given the vigor and breadth of the EEOC's nationwide dissemination of their Press Release and the apparently inability of their own counsel to provide assurances that public comments can be controlled without court intervention, an expedited hearing is requested to stop the material prejudice being done to Denton County on a daily basis. Thus, Denton County requests the Court to schedule this motion for an expedited hearing.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **DENTON COUNTY** prays that the Court conduct an expedited hearing, and after such, the Court issue a Protective Order limiting the comments of the parties to avoid further material prejudice, and that Denton County have such other and further relief, at law or in equity, to which they may show themselves entitled.

        Respectfully submitted,

        **MATTHEWS, SHIELS, KNOTT,**
        **EDEN, DAVIS & BEANLAND, L.L.P.**

By:   /s/ Robert J. Davis
        **ROBERT J. DAVIS**
        State Bar No. 05543500
        bdavis@mssattorneys.com
        8131 LBJ Freeway, Suite 700
        Dallas, Texas 75251
        972/234-3400 (office)
        972/234-1750 (telecopier)

        **ATTORNEYS FOR DEFENDANT**
        **DENTON COUNTY**

### **CERTIFICATE OF CONFERENCE**

I hereby certify that on September 1, 2017, I wrote EEOC counsel about these issues as reflected in Exhibit No. 2.  Then again, on September 6, 2011, I spoke with EEOC counsel Suzanne Anderson about these issues. While she advised that she would check on the September 6, 2017, email from the EEOC, we did could not agree about the EEOC Press Release and removal of same from the EEOC website.  This motion is thus presented to the Court for resolution.

        /s/ Robert J. Davis

### **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2011, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Suzanne Anderson and Robert Canino.
.

        /s/ Robert J. Davis
        **ROBERT J. DAVIS**

**DENTON COUNTY'S MOTION FOR PROTECTIVE ORDER**
**OR "GAG" ORDER AND REQUEST FOR EXPEDITED HEARING**   Page 6
T:\233\5\5010\68093\Pleadings\County\Motion for Protective or Gag Order.wpd