IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § § | |
| Plaintiff, | § § | |
| and | § § | |
| MARTHA C. STORRIE, M.D. | § § | |
| Intervenor-Plaintiff, | § § | |
| vs. | § § § | CASE NO. 4:17-cv-00614-ALM |
| DENTON COUNTY | § § | |
| Defendant, | § | |

## COMPLAINT IN INTERVENTION

Intervenor-Plaintiff Martha C. Storrie, M.D. ("Intervenor-Plaintiff" or "Dr. Storrie"), by way of this Complaint in Intervention against Defendant Denton County ("Defendant") states and alleges as follows:

## NATURE OF THE ACTION

1. This action arises from Defendant's widespread violations of Dr. Storrie rights under Title VII of the Civil Rights Act of 1964. Defendant discriminated against Dr. Storrie because of her gender (female) by paying her wages that were less than male physicians performing the same work.

1

## JURISDICTION AND VENUE

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended for employment discrimination. This action is authorized and instituted under Title VII 42 U.S.C. § 2000e et seq. This Court has jurisdiction under 28 U.S.C. §§ 1321 and 1343(a)(4). Equitable and other relief are also sought under 42 U.S.C. §§1981a and 1983 et seq.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Sherman Division.

## PARTIES

4. Intervenor-Plaintiff, Martha C. Storrie, M.D. is a natural person residing in Denton County, Texas.

5. At all relevant times, Defendant, Denton County, has continuously been a county in the State of Texas. Denton is a person within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b).

## FACTUAL ALLEGATIONS

6. More than thirty (30) days prior to the institution of this lawsuit, Dr. Storrie filed a charge with the Equal Employment Opportunity Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been filed.

7. On or about October 28, 2008, Denton County hired Dr. Storrie as a Primary Care Clinician in the Denton County Health Department.

8. Prior to working for Denton County, Dr. Storrie worked in the private practice of adult and pediatric urology for eight (8) years and in hospice medicine for eight (8) years. In addition, Dr. Storrie was board certified in hospice and palliative medicine, and continues to be board certified in adult and pediatric urology.

9. The job duties of the Primary Care Clinician were primarily to provide medical treatment and healthcare for Denton County residents in clinics run by the county, including a clinic in the Denton County jail.

10. From 2008 to the summer of 2016, Dr. Storrie primarily provided medical services in low-cost clinics to indigent residents of Denton County, Texas.

11. In 2010, although Dr. Storrie was the most senior physician at the Denton County Health Department and qualified for the position of Director of Health Authority for Denton County, she was passed up for the promotion in favor of a male physician who had not previously worked for Denton County.

12. In 2015, the Director of the Denton County Health Department required Dr. Storrie provide medical services to the inmates of the Denton County jail five (5) half-days per week in addition to her existing responsibility of

providing primary care physician services at the low-cost clinic. Previously, she provided jail services one (1) day per week, in rotation with the other physicians.

13. In August of 2015, Defendant hired a male physician to occupy the position of Primary Care Clinician. Although Dr. Storrie and the male physician were both employed as Primary Care Clinicians, the male physician refused to see children, OB patients, participate in the STD clinic, and only saw six (6) to eight (8) patients per day. Accordingly, Dr. Storrie was required to assist with TB, OB, STD, and children patients, in addition to her responsibilities at the Denton County jail and adult primary care unit.

14. In April of 2015, the Denton Record Chronicle printed a newspaper article which revealed that Dr. Storrie was receiving an annual salary that was starkly less than the salary received by male physicians employed by Defendant.

15. Fearing retaliation, Dr. Storrie waited until her annual review with the Health Director at Denton County on August 28, 2015, to discuss the disparity in pay between herself and her male colleague. The Health Director responded by stating: "Let's face it, doc, he's just worth more." Defendant failed or refused to remedy the disparity in pay between Dr. Storrie and her male colleague.

16. In addition to being paid less than male physicians in her same position, and being passed up for a promotion in favor of a male physician,

Dr. Storrie was continuously treated less favorably and in a more hostile manner than her male counterparts.

17. Defendant terminated Dr. Storrie's employment on April 1, 2016 following her attempt to address the pay disparity with the Director of Health.

## TITLE VII CLAIM

18. Dr. Storrie incorporates all allegations contained in the preceding paragraphs.

19. Dr. Storrie is a female and is thus a member of a protected group within the meaning of Title VII of the Civil Rights Act of 1964.

20. As evidenced by its actions alleged herein, Defendant discriminated against Dr. Storrie by: (1) failing or refusing to promote her to a position for which she was qualified because of her gender (female), (2) failing or refusing to pay her wages that were equal to male physicians performing the work of a primary care physician because of her gender (female), and (3) treating her less favorably than her male counterparts. All such actions are in direct violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2.

21. The effect of the practices complained of above has been to deprive Dr. Storrie of equal opportunities and equal pay and otherwise adversely affected her status as a physician.

22. The unlawful employment practices complained of herein were intentional, or done with malice or reckless indifference to the federally protected rights of Dr. Storrie.

## **PRAYER FOR RELIEF**

WHEREFORE, Intervenor-Plaintiff respectfully requests judgment be entered in her favor awarding her:

(1) A declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful under Title VII.

(2) A permanent injunction, enjoining the Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which discriminate in violation of Title VII.

(3) Grant a judgment requiring Defendant to make whole Intervenor-Plaintiff by providing appropriate backpay, front pay, fully vested retirement benefits under TCDRS, health benefits, and any other relief necessary to compensate Dr. Storrie for damages pursuant to Title VII.

(4) Reinstatement to the position to which she would have been placed absent discrimination.

(5) Compensatory damages, including damages for emotional pain, suffering, and mental anguish and other non-pecuniary losses to the maximum extent allowed by Title VII.

(6) Punitive damages to the maximum extent allowed under Title VII.

(7) Reasonable attorneys' fees, costs, and expenses of this action as provided by Title VII.

(8) Pre-judgment and post-judgment interest at the highest rates allowed by law;

(9) Such other and further relief to which Intervenor-Plaintiff may be entitled.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: _____
**Brandi J. McKay**
State Bar No. 24075380
brandi.mckay@solidcounsel.com
**SHELBY R. DOUGLAS**
State Bar No. 24097144
shelby.douglas@solidcounsel.com

2600 Network Blvd., Suite 400
Frisco, Texas 75034
214.472.2100
214.472.2150 Fax
*Attorneys for Intervenor-Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all parties via the electronic delivery system of the Eastern District of Texas, Sherman Division.

Dated this 26th day of September, 2017.

_____
Brandi J. McKay

7