# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION <br><br> v. <br><br> DENTON COUNTY | § <br> § <br> § Civil Action No. 4:17-CV-00614 <br> § Judge Mazzant <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Dr. Martha C. Storrie's ("Dr. Storrie") Motion to Intervene Under Federal Rule of Civil Procedure 24 (Dkt. #14). After reviewing the relevant pleadings and motion, the Court finds that the motion should be granted.

## BACKGROUND

On August 21, 2017, the Equal Employment Opportunity Commission ("EEOC") initiated this action against Defendant Denton County. The EEOC alleges that Defendant violated the Equal Pay Act ("EPA") by paying Dr. Storrie lower wages and/or compensation than her male colleagues performing equal work. On September 26, 2017, Dr. Storrie filed a Complaint in Intervention (Dkt. #11) asserting the Defendant violated her rights under Title VII of the Civil Rights Act of 1964. Further, on October 3, 2017, Dr. Storrie filed a Motion to Intervene (Dkt. #14). Defendant filed its response (Dkt. #17) on October 13, 2017, and Dr. Storrie filed her reply (Dkt. #19) on October 30, 2017.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 24, intervention is either permissive or a matter of right. FED. R. CIV. P. 24(a)–(b). A party seeking to intervene as a matter of right under Rule 24(a) must satisfy four elements: "(1) the application for intervention must be timely; (2) the applicant

must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)). "If a party seeking to intervene fails to meet any one of those requirements then it cannot intervene as a matter of right." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1287 (5th Cir. 1987), *cert. denied*, 484 U.S. (1987).

## ANALYSIS

Defendant makes several arguments for why the Court should deny Dr. Storrie's motion. Specifically, Defendant makes merit-based arguments and intervention arguments. First, Defendant claims intervention is improper because (a) Dr. Storrie's proposed Complaint in Intervention exceeds the scope of the Charge of Discrimination, and (b) Dr. Storrie's proposed Complaint in Intervention includes claims which are legally barred. Second, Defendant contends intervention is inappropriate because Dr. Storrie fails to satisfy all four requirements for intervention as a matter of right. In response, Dr. Storrie contends that her Complaint in Intervention is within the scope of the facts contained in the Charge of Discrimination, discriminatory actions that are time-barred may be used by a Title VII plaintiff as background evidence in support of a timely claim, and she meets all four requirements to intervene as a matter of right.[1] The Court addresses each argument in turn.

---

[1] Dr. Storrie only claims intervention is proper under intervention as a matter of right, not permissive intervention. As such, the Court does not address the latter.

**I. Merit-Based**

Defendant makes two merit-based arguments. First, Dr. Storrie's Complaint in Intervention falls outside the scope of the Charge of Discrimination, and second, Dr. Storrie's claims are legally barred. The Court addresses each argument separately.

**a. Scope of the Complaint in Intervention and Charge of Discrimination**

Defendant argues that Dr. Storrie's Title VII claims are improper because they fall outside the scope of Dr. Storrie's Charge of Discrimination. Specifically, Defendant claims that "the instant lawsuit only involve[s] allegations of pay discrepancy" under the EPA, not Title VII gender discrimination (Dkt. #17 at p. 3). In response, Dr. Storrie contends her complaint is within the scope of the Charge of Discrimination because in the Charge of Discrimination she "explicitly states she was discriminated against based on her sex through Denton County's actions of paying her less than her male counterpart and stating that her male counterpart was worth more." (Dkt. #19 at p. 5).

Filing a charge with the EEOC is a condition precedent to the filing of a Title VII suit. *Stith v. Perot Sys. Corp.*, 122 F. App'x 115, 118 (5th Cir. 2005). "A suit that flows from an EEOC complaint is limited by charges of discrimination 'like or related to' allegations contained in the EEOC complaint." *Id.* (citations omitted); *accord Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971). Stated differently, "[t]he scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Tex. Dept. of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000) (citing *Young v. City of Hous.*, 906 F.2d 177, 179 (5th Cir. 1990)).

In her Charge of Discrimination, Dr. Storrie complained that,

[f]rom approximately June 2015 until April 1, 2016[,] I was paid less than Marty Buchanan, Primary Care Clinician. I was told by Matt Richardson, Director[,] that

Dr. Buchanan was worth more. I believe I have been discriminated against because of my sex, female[,] in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Dkt. #17, Exhibit 1). The Court finds such statements are sufficient to support the proposition that Dr. Storrie's Title VII claims "grow out of the charge of discrimination."[2] *See Danner*, 447 F.2d at 162 (stating "[t]o compel the charging party to specifically articulate in a charge filed with the Commission, the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected." (citations omitted)).

### b. Dr. Storrie's Time-Barred Claims

Defendant claims Dr. Storrie's complaint is "problematic because it includes claims which are legally barred." (Dkt. #17 at p. 8). Specifically, Defendant avers that her claims are barred by limitations. Dr. Storrie contends that "[a] discriminatory action that is time-barred may be used by a Title VII plaintiff as background evidence in support of a timely claim." (Dkt. #19 at p. 7).

Title VII claimants, in Texas, "have 300 days from the date of the alleged discriminatory act to file their claim with the EEOC." *Burrell v. Crown Cent. Petroleum, Inc.,*, 225 F. Supp. 2d 591, 604 (E.D. Tex. 2003) (citing *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998)). If a plaintiff does not file a claim within 300 days, that claim is barred. *Id.* However, "any act occurring more than [300] days prior to filing 'may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences.'" *Merrill v. S.*

---

[2] "The Courts have consistently held that the charges upon which complaints of discrimination are based should be construed liberally." *Danner*, 447 F.2d at 161–62.

*Methodist Univ.*, 806 F.2d 600, 604 (5th Cir. 1986) (quoting *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977)).

Without determining the timeliness of Dr. Storrie's claims, even if some of her claims are time-barred, that alone does not preclude her from using such claims to support a claim that is timely. As such, the timeliness of Dr. Storrie's claims is insufficient, on its own, to prevent intervention.

## II. Intervention as a Matter of Right

As explained earlier, a party must satisfy four requirements in order to intervene as a matter of right. *Sierra Club*, 18 F.3d at 1204–05. Here, Defendant only addresses the fourth requirement, adequate representation. As such, the Court only addresses the fourth requirement and finds that Defendant concedes the first three requirements are satisfied.

### a. Adequate Representation

Defendant argues that "[g]iven the narrow scope of this case and currently requested damages, the EEOC can adequately represent the interests of Dr. Storrie in this suit." (Dkt. #17 at p. 2). Further, Defendant claims that to the extent Dr. Storrie's claims are different, they are not proper. Conversely, Dr. Storrie avers that her interests are inadequately represented because the EEOC's claims are brought under the EPA, while her claims stem from Title VII, both of which contain different and distinct requirements.

A party seeking to intervene as a matter of right must establish that his or her interest is "inadequately represented by the existing parties to the suit." *Id.* Here, Dr. Storrie brings claims under Title VII, while the EEOC's claims arise from alleged violations of the EPA. Although a Title VII wage discrimination claim generally parallels that of an EPA violation, distinct differences exists between the two. *See generally Montgomery v. Clayton Homes Inc.*, 65 F. App'x

508 (5th Cir. 2003). As such, the Court finds that Dr. Storrie's interests are inadequately represented by the EEOC, thus satisfying the fourth requirement.

## CONCLUSION

It is therefore **ORDERED** that Dr. Martha C. Storrie's Motion to Intervene Under Federal Rule of Civil Procedure 24 (Dkt. #14) is hereby **GRANTED.**

**SIGNED this 8th day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE