# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY §
COMMISSION §
§
    Plaintiff §
§
§
MARTHA C. STORRIE §  Civil Action No. 4:17-CV-00614
§  Judge Mazzant
    Intervenor §
§
v. §
§
DENTON COUNTY §
§
    Defendant §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is EEOC's Motion for Summary Judgment ("EEOC's Motion") (Dkt. #43), Denton County's Motion for Summary Judgment on Plaintiff Equal Employment Opportunity Commission's Claims ("Denton's Motion Against EEOC") (Dkt. #45), Denton County's Motion for Summary Judgment on Intervenor Dr. Storrie's Claims ("Denton's Motion Against Dr. Storrie") (Dkt. #46), Defendant Denton County's Objections and Motion to Strike Plaintiff EEOC's Improper Summary Judgment Evidence (Dkt. #51), Plaintiff-Intervenor Martha C. Storrie's Motion to Strike Summary Judgment Evidence Attached to Reply (Dkt. #64), and EEOC Joinder in Intervenor's Motion to Strike (Dkt. #66). Having considered the motions and the relevant pleadings, the Court finds that Denton County's Motion Against Dr. Storrie should be granted in part and denied in part, EEOC's Motion and Denton County's Motion Against EEOC should be denied, and the motions to strike should be denied as moot.

## BACKGROUND

Intervenor, Dr. Martha C. Storrie ("Dr. Storrie") is a physician with a Texas medical license, an Oklahoma medical license, and is a registered pharmacist in Texas. Dr. Storrie is, and

has been since 1992, board certified in Adult and Pediatric Urology. Dr. Storrie was also board certified in Hospice and Palliative Medicine until 2013. Medical Director for Defendant Denton County at the time, Bing Burton, on behalf of Denton County, hired Dr. Storrie on or about October 28, 2008 as a primary care clinician in the Denton County Health Department. This job entailed working in both the county clinic and the county jail. At first, Dr. Storrie served as a part-time primary care clinician with a starting salary of $56,265. On December 1, 2009, Denton County hired Dr. Storrie as a full-time primary care clinician with a starting salary of $120,000. In 2010, the position of Director of Health Authority for Denton County, which would be a promotion for Dr. Storrie, became available. Dr. Storrie did not get the promotion, but she also did not apply for the position.

Starting in 2015, Dr. Storrie's conduct was alleged to not comport with Denton County policies. Dr. Storrie was described by Denton County employees as having "emotional outbursts", "throwing tantrums", and being "hysterical". This alleged conduct resulted in a verbal counseling session on March 27, 2015 with Dr. Matt Richardson, Director of the Denton County Health Department starting in July 2014. On June 9, 2015, Dr. Storrie was allegedly denied access to a secured area of the jail. Denton County and Dr. Storrie describe the incident differently, but it resulted in a face-to-face meeting with Dr. Matt Richardson and Amy Phillips, Human Resources Director, the following day. On July 1, 2015, Dr. Matt Richardson completed his Denton County Employee Appraisal report of Dr. Storrie for the time period of July 1, 2014 through June 20, 2015, which was critical in nature. Dr. Matt Richardson was not able to discuss his negative appraisal with Dr. Storrie immediately.

On August 5, 2015, Denton County hired Dr. Marty Buchanan ("Dr. Buchanan") to serve as a full-time primary care clinician for Denton County. Dr. Buchanan's starting salary was

$170,000. At that same time, Dr. Storrie's salary was $135,695. Shortly after, on August 12, 2015, the Denton County Chronicle printed a newspaper article naming the top ten highest paid employees in Denton County. Through this article, Dr. Storrie discovered the pay discrepancy. Then, on August 28, 2015, Dr. Matt Richardson met with Dr. Storrie to discuss his appraisal of her work and conduct. During this meeting, Dr. Storrie brought the news article to Dr. Matt Richardson's attention. Dr. Matt Richardson and Dr. Storrie have different recollections of the events of the meeting.

Following the meeting and notifying Dr. Matt Richardson of the pay discrepancy, Dr. Storrie began experiencing problems with her medical supplies being hidden and her office not thoroughly being cleaned. Dr. Storrie also asserts that she was assigned to work more jail time and with more children than other doctors. Several months later, on March 16, 2016, Dr. Storrie was allegedly highly disruptive in a staff meeting exclaiming that Hispanic patients should not receive testing for diabetes essentially claiming that they would not follow any dietary recommendations that they were advised to follow. Dr. Storrie had additionally described a patient in a medical chart as a "roly poly HF [(Hispanic female)]". On April 1, 2016, Denton County terminated Dr. Storrie. Dr. Storrie appealed her termination to the Civil Service Commission (the "Commission") a few days later. The Commission affirmed the termination on May 16, 2016.

Dr. Storrie filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 4, 2016, claiming she had been discriminated against based on her gender in regards to her pay. The EEOC issued its determination based on this charge of discrimination on June 8, 2017, then subsequently filed suit in the Eastern District of Texas for a violation of the Equal Pay Act of 1963 on August 31, 2017 (Dkt. #1). Subsequently, on September 26, 2017, Dr. Storrie filed her intervenor complaint (Dkt. #11) and corresponding motion to

intervene on October 3, 2017 (Dkt. #14). The Court granted the motion on December 8, 2017, (Dkt. #23) thereby permitting Dr. Storrie to assert her Title VII of the Civil Rights Act of 1964 claims against Denton County for

> (1) failing or refusing to promote her to a position for which she was qualified because of her gender (female), (2) failing or refusing to pay her wages that were equal to male physicians performing the work of a primary care physician because of her ender (female), and (3) treating her less favorably than her male counterparts.

(Dkt. #11 at p. 5).

On June 29, 2018, the EEOC filed its motion for summary judgment against Denton County (Dkt. #43). Denton County filed a response on August 8, 2018 (Dkt. #50). The EEOC did not file a reply. Related to these motions, the EEOC filed a motion strike evidence contained in Denton County's response (Dkt. #51).

Similarly, on June 29, 2018, Denton County filed a motion for summary judgment against the EEOC (Dkt. #45). The EEOC filed a response on August 8, 2018 (Dkt. #49). Finally, Denton County filed a reply on August 1, 2018 (Dkt. #56).

Denton County additionally filed a motion for summary judgment against Dr. Storrie's claims on June 29, 2018 (Dkt. #46). Dr. Storrie filed a response to the motion on August 9, 2018 (Dkt. #54). Denton County filed a reply on August 20, 2018 (Dkt. #62) and Dr. Storrie filed a sur-reply on August 27, 2018 (Dkt. #63). Related to these motions, Dr. Storrie filed a motion to strike evidence attached to the reply (Dkt. #64) and the EEOC joined in this motion to strike (Dkt. #66).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss

a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Denton County filed a motion for summary judgment against both Dr. Storrie's claims and the EEOC's claims and the EEOC claim also filed a motion for summary judgment against Denton County. The Court first addresses the motion regarding Dr. Storrie's claims and then addressees the motions between Denton County and the EEOC.

### I.     Denton County's Motion Against Dr. Storrie

Denton County moves for summary judgment against Dr. Storrie's claims for a variety of reasons. Each of which, the Court addresses below.

#### A.  Failure to Promote Claim

Denton County argues that the Court should grant summary judgment as to Dr. Storrie's Title VII claim based on a failure to promote asserting several arguments, including the fact that Dr. Storrie never applied for the position, which was a requirement for getting the job. Denton County presented evidence to show that an application is required to get a job in Denton County, even a promotion, and Dr. Storrie never submitted an application for this promotion. Dr. Storrie does not respond to this argument. Because Dr. Storrie did not file a response to this argument, the Court presumes that Dr. Storrie does not controvert the facts set out by Denton County and has no evidence to offer in opposition to the argument. LOCAL RULE CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not

controvert the facts set out by movant and has no evidence to offer in opposition to the motion."). Moreover, Dr. Storrie argued in her reply that being passed up for a promotion was relevant as background evidence but did not urge that it should be its own independent Title VII claim (Dkt. #63 at p. 3).[1]  Accordingly, the Court agrees with Denton County that summary judgment should be granted as to Dr. Storrie's Title VII claim for "failing or refusing to promote her to a position for which she was qualified because of her gender (female)."  (Dkt. #11 at p. 5).[2]

### B.  EEOC Charge Limitations

Dr. Storrie's remaining Title VII claims are "(2) failing or refusing to pay her wages that were equal to male physicians performing the work of a primary care physician because of her ender (female), and (3) treating her less favorably than her male counterparts."  (Dkt. #11 at p. 5). Dr. Storrie also apparently added a claim for retaliation since filing her complaint in intervention. To establish her prima facie case that she was treated less favorably, Dr. Storrie alleges that her adverse employment action is that she was fired and was transitioned to work more hours and days in the Denton County jail as opposed to the Denton County Health Clinic (Dkt. #54 at p. 16).  To demonstrate that she was treated less favorably, Dr. Storrie points to several allegations, including:

> (1) being required to pick up Dr. Buchanan's slack and see additional children patients; (2) continuously being described and written up as "emotional," "hysterical," and disciplined for "outbursts"; (3) passing her up for a position with more responsibility and a larger salary that she was the most qualified to receive; (4) continuously being denied authority and access to enter the jail; and (5) not being given the same support and assistance as her colleagues.

---

[1] In her response, Dr. Storrie did not argue that her adverse employment action was being passed up for a promotion, and instead, argued that her adverse employment action was being terminated (Dkt. #54 at p. 16).

[2] In deciding the motion to intervene in this case, the Court decided that "Dr. Storrie's Title VII claims 'grow out of the charge of discrimination.'"  (Dkt. #23 at p. 4) (citations omitted).  Denton County again argues that the failure to promote does not arise out of the charge of discrimination.  Upon further examination of this argument and a review of the complaint in intervention and the charge of discrimination, it is likely that this claim does not grow out of the charge of discrimination.  However, because the Court dismisses this claim on the merits, it is unnecessary to engage in a full analysis of this issue.

(Dkt. #54 at p. 18). Dr. Storrie's argument in support of her claim for retaliation was that she addressed the pay discrepancy with Dr. Matt Richardson and subsequently she received reprimands for an "emotional outburst" and being "hysterical", received a low appraisal, was required to work more in the jail, had supplies go missing, was criticized for her opinions, and was eventually terminated (Dkt. #54 at pp. 38–39).

Denton County argues that Dr. Storrie failed to exhaust her administrative remedies on her Title VII claim based on retaliation and any claim that she was treated less favorably than male physicians aside for allegations of unequal pay, because they exceed the scope of the charge of discrimination.[3] Dr. Storrie maintains that her charge of discrimination is broad enough to encompass all of her claims and she has properly exhausted her administrative remedies.

"To maintain a Title VII action a complainant must first file a charge of discrimination with the EEOC within [300] days of the alleged unlawful employment practice[.]" *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 77 (5th Cir. 1982); *Burrell v. Crown Cent. Petroleum, Inc.*, 225 F. Supp. 2d 591, 604 (E.D. Tex. 2003) (citing *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998) (explaining that Title VII claimants in Texas have 300 days instead of 180 days to file their EEOC charge). Among other things, an EEOC charge should include "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices". 29 C.F.R. § 1601.12.

Here, there is no dispute that Dr. Storrie filed her charge of discrimination in timely fashion. The dispute here focuses on the scope of the charge of discrimination. "'[T]he scope of the judicial

---

[3] This argument was also raised in response to the motion to intervene. In deciding the motion, the Court found that "Dr. Storrie's Title VII claims 'grow out of the charge of discrimination.'" (Dkt. #23 at p. 4) (citations omitted). At that time, the Court did not know of Dr. Storrie's claim of retaliation and further construed the claim that Dr. Storrie was treated less favorably broad to include the allegation that Dr. Storrie was paid less. The Court reexamines this argument now with more facts and information presented.

complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Vuyanich v. Rep. Nat'l Bank of Dall.*, 723 F.2d 1195, 1201 (5th Cir. 1984) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 928 (11th Cir. 1983)).  When determining the scope, courts "construe employment discrimination charges with the 'utmost liberality,' bearing in mind that such charges are generally prepared by laymen in the rules of pleading."  *Price*, 687 F.2d at 78 (quoting *Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112 (5th Cir. 1981)); *accord Danner v. Phillips Pet. Co.*, 447 F.2d 159, 161–62 (5th Cir. 1971) (quoting *King Ga. Power Co.*, 295 F. Supp. 943, 947 (N.D. Ga. 1968)).

In her charge of discrimination, Dr. Storrie selected "sex" as the basis of the discrimination and complained that,

> [f]rom approximately June 2015 until April 1, 2016[,] I was paid less than Marty Buchanan, Primary Care Clinician.
>
> …
>
> I was told by Matt Richardson, Director[,] that Dr. Buchanan was worth more.
>
> …
>
> I believe I have been discriminated against because of my sex, female[,] in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Dkt. #54, Exhibit 10 at p.1).  Because the Court is to determine whether the scope of the complaint is limited to the scope of the investigation, the Court also looks to the EEOC determination.  The EEOC Determination states:

> Charging Party, a Primary Care Clinician (PCC), alleged that *she was discriminated against by the Respondent's payment of unequal wages* to her because of her sex (female).  Specifically, she complains that she was *denied equal pay* because of her gender.
>
> . . .

The Commission has considered all of the evidence and finds that there is reasonable cause to believe that the Respondent discriminated against the Charging Party because of her gender (female) *by paying her wages that were less* than male physicians performing the work of Primary Care Clinician in violation of Title VII.

(Dkt. #46, Exhibit 10 at pp. 1–2) (emphasis added). Neither party has pointed to any additional evidence to suggest what took place during the EEOC investigation.

The determination indicates that the EEOC investigation focused on wage disparity, which reasonably grew out of the charge of discrimination where Dr. Storrie also complained of unequal pay. Neither the charge of discrimination nor the EEOC determination even state that Dr. Storrie was terminated, which is the adverse employment action alleged for both her Title VII claim for retaliation and claim that she was treated less favorably, much less do these documents mention any of the factual allegations to support her claims. The Court finds that the claims are not limited to the investigation and did not grow from the charge of discrimination, even reading the charge liberally as the Court is required to do.

Regardless of the charge of discrimination, Dr. Storrie argues that the filings in the appeal to the Commission contained challenged these allegations and was part of the EEOC investigation. Yet, Dr. Storrie does not point to any evidence to suggest that this was, in fact, part of the EEOC investigation. Even had there been evidence to suggest it was part of the investigation, the investigation still must reasonably grow out of the charge of discrimination. As already stated, these allegations do not reasonably grow out of the charge of discrimination, as the charge of discrimination was narrowly tailored to an allegation of a wage disparity between Dr. Storrie and Dr. Buchanan.

Dr. Storrie also argues that Denton County was on notice of all of her allegations because of the appeal of the termination decision to the Commission. However, as will be further detailed in the next section, the administrative process and Title VII claims are separate and distinct rights,

one can appeal a termination decision yet only file a Title VII claim for failure to pay equal wages. The test is whether "'the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Vuyanich*, 723 F.2d at 1201 (quoting *Sanchez*, 431 F.2d at 466; *Evans*, 696 F.2d at 928). Regardless of whether Dr. Storrie complained of some of these allegation in her appeal of the termination, the EEOC investigation and charge of discrimination remain the same. As such, the Court finds that Denton County's motion for summary judgment should be granted as to its assertion that "Dr. Storrie's live discrimination claim under Title VII must be limited to the single issue of alleged pay disparity between her and Dr. Buchanan." (Dkt. #46 at p. 27).[4]

### C. Exhaustion of Administrative Remedies

Denton County argues that Dr. Storrie failed to exhaust her administrative remedies based on Texas Local Government Code Section 158.012. Texas Local Government Code Section 158.012 states:

> (a) A county employee who, on a final decision by the commission, is demoted, suspended, or removed from the employee's position may appeal the decision by filing a petition in a district court in the county within 30 days after the date of the decision.

> (b) An appeal under this section is under the substantial evidence rule, and the judgment of the district court is appealable as in other civil cases.

> (c) If the district court renders judgment for the petitioner, the court may order reinstatement of the employee, payment of back pay, or other appropriate relief.

---

[4] The Court does acknowledge that "[a]ny act occurring more than [300] days prior to filing 'may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences.'" *See Merrill v. S. Methodist Univ.*, 806 F.2d 600, 604 (5th Cir. 1986) (quoting *United Air Lines v. Evans*, 431 U.S. 553 (1977)). However, whether any of this information is relevant, is more appropriate for consideration in a motion in limine.

TEX. LOCAL GOV'T CODE § 158.012.  Denton County maintains that because Dr. Storrie did not appeal the Commission's decision to the state district court in Denton County within thirty days of the decision she is barred from seeking reinstatement, back pay, and other appropriate relief.

The Court is unpersuaded.  First and foremost, Denton County failed to meet its burden on this issue.  Denton County fails to cite a single case even though it references this argument in four separate briefs.  Further, the facts relevant to this argument—the date of the Commission's decision and the procedural history, including but not limited to, dates for the current lawsuit—were not provided in the analysis of this argument, in any of the four briefs on this issue.  The Court notes that some of these relevant facts are contained in the "Statement of Material Facts" section of Denton County's Motion Against Dr. Storrie; however, these were not used in Denton County's analysis of this argument.

Even though Denton County did not meet its burden, upon its own review,[5] the Court finds that Denton County's argument is misguided.  The Court agrees with Denton County that if Dr. Storrie sought to appeal the Commission's decision, she was required to do so through the procedure described in the Texas Local Government Code.  However, what Denton County overlooks is that a county employee, such as Dr. Storrie, is not required to appeal or seek a review of the Commission's decision.   TEX. LOCAL GOV'T CODE § 158.012 (emphasis added) (establishing that a "county employee . . . *may* appeal the decision . . ."); *Chiles v. Morgan*, 53 F.3d 1281 (5th Cir. 1995); *see McKinnies v. Bexar Cty. Tex.*, No. SA-05-CA-1217-PM, 2007 WL 9710519, at *6 (W.D. Tex. July 19, 2007).

Here, instead of an appeal of the Commission's decision, Dr. Storrie brings a Title VII claim for the alleged discrimination she endured while working for Denton County.  A claim

---

[5] The Court engaged in its own review based on the possibility that this argument could call into question the Court's subject matter jurisdiction.

12

pursuant to Title VII and an administrative appeal of the Commission's decision are separate and distinct rights. This is clear through the words of the Texas Local Government Code and Title VII. The Code indicates that an appeal of the Commission's decision is just that, an administrative appeal demanding the use of "the substantial evidence rule" when reviewing the decision. TEX. LOCAL GOV'T CODE § 158.021(b). The court presented with the appeal is to "either affirm the Commission's decision, reverse, or remand the case for further proceedings." *Muston v. Nueces Cty. Sheriff's Dep't*, 122 S.W.3d 469, 472 (Tex. App.—Corpus Christi 2003, no pet.) (citing TEX. LOCAL GOV'T CODE § 158.021). On the other hand, a Title VII action is not an appeal of a decision but, instead, is a way to challenge unlawful discrimination practices of employers. *See* 42 U.S.C. § 2000e-2. As opposed to using the substantial evidence rule, a federal district court presented with a Title VII cause of action is to "apply a *de novo* standard of review of Title VII claims" if there has been a prior administrative decision. *McKinnies*, 2007 WL 9710519, at *10 (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 795–96 (1986)).

In the event that Denton County is arguing that the unreviewed Commission decision should have preclusive effect, the Court is equally unpersuaded. As decided by the Supreme Court of the United States, Congress did not intend for State administrative proceedings and determinations, whether reviewed or unreviewed, to have preclusive effect in Title VII actions in federal court. *Univ. of Tenn.*, 478 U.S. at 795 (explaining that because 42 U.S.C. § 2000e–5(b) requires the EEOC to give substantial weight to final findings made by State or local authorities it would make little sense for those findings to then have preclusive effect in the federal court action and extending that reasoning to "unreviewed state administrative proceedings."); *accord McKinnies*, 2007 WL 9710519, at *10 (holding that the Commission's determinations, even though not appealed to the state district court within thirty days, did not bar or have preclusive

effect on the plaintiff's Title VII claims in federal court).  As such, the Commission's decision, even though not appealed or reviewed, has no preclusive effect on the remedies that Dr. Storrie may seek in this case.

### D.  Punitive Damages

Denton County asked the Court to summarily deny Dr. Storrie's claims for punitive damages because it avers that punitive damages are not available against a governmental entity. Dr. Storrie did not respond to this argument.  LOCAL RULE CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

A party alleging unlawful intentional employment discrimination "may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . ."  42 U.S.C. § 1981a(b)(1); *accord Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 466 (5th Cir. 2001).  Denton County is a government entity that Congress precluded from paying punitive damages.  Accordingly, Denton County's Motion Against Dr. Storrie should be granted as to her claim for punitive damages.

### E.  Remaining Arguments

After a careful review of the record and the arguments presented, the Court is not convinced that Denton County has met its burden demonstrating that there is no material issue of fact as to Dr. Storrie's Title VII claim based on gender discrimination due to the alleged pay disparity between Dr. Storrie and Dr. Buchanan.

## II.    Motions Regarding the EEOC's Claims

The EEOC moves for summary judgment on its claim that Denton County violated the Equal Pay Act arguing there is no genuine issue of material fact that the EEOC has met its prima

facie burden and Denton County fails to conclusively establish a reason for the salary difference "other than sex", and alternatively that the Court should grant partial summary judgment on Denton County's affirmative defenses in Paragraphs II and III of its Answer.  Similarly, Denton County moves for summary judgment arguing that the EEOC cannot establish a prima facie case, it has conclusively established that the salary difference is based on factors "other than sex", and arguing that the EEOC cannot prevail on a claim for willfulness.

After a careful review of the record and the arguments presented, the Court is not convinced that Denton County or the EEOC has met their respective burdens demonstrating that there is no material issue of fact as to the EEOC's claim for violation of the Equal Pay Act entitling it to judgment as a matter of law.  Accordingly, the Court finds that the motion should be denied.

### III.    Motions to Strike

Denton County, Dr. Storrie, and the EEOC filed various motions to strike evidence contained in the summary judgment record.  However, the Court did not use any of the contested exhibits in deciding the motions for summary judgments.  Accordingly, the Court finds that the objections should be overruled and the motion should be denied as moot.

### CONCLUSION

It is therefore **ORDERED** that EEOC's Motion for Summary Judgment (Dkt. #43) is hereby **DENIED**, Denton County's Motion for Summary Judgment on Plaintiff Equal Employment Opportunity Commission's Claims (Dkt. #45) is hereby **DENIED**, Defendant Denton County's Objections and Motion to Strike Plaintiff EEOC's Improper Summary Judgment Evidence (Dkt. #51) is hereby **DENIED as moot**, Plaintiff-Intervenor for Martha C. Storrie's Motion to Strike Summary Judgment Evidence Attached to Reply (Dkt. #64) is hereby **DENIED as moot**, and EEOC Joinder in Intervenor's Motion to Strike (Dkt. #66) is hereby **DENIED as**

**moot**, Denton County's Motion for Summary Judgment on Intervenor Dr. Storrie's Claims (Dkt. #46) is hereby **GRANTED in part and DENIED in part**. Denton County's Motion Against Dr. Storrie is granted as to Dr. Storrie's claims for punitive damages and any Title VII claim not based on unequal pay and denied as to all other arguments.

  **SIGNED this 12th day of October, 2018.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE