IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| DR. MARTHA C. STORRIE, | ) ) | |
| Plaintiff-Intervenor, | ) ) ) | 4:17-CV-614 |
| v. | ) ) | |
| DENTON COUNTY, | ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

**FINAL JUDGMENT**

This matter is before the Court on the Joint Agreed Motion For Entry of Judgment (Dkt. #77). The Plaintiff United States Equal Opportunity Commission ("Plaintiff" or "EEOC") and the Intervenor Dr. Martha C. Storrie ("Intervenor" or "Dr. Storrie") have accepted Denton County's Offer of Judgment made pursuant to Rule 68 of the Federal Rules of Civil Procedure and the parties have jointly submitted to the Court the agreed-upon terms upon which the EEOC and Dr. Storrie have accepted judgment as reflected in this Final Judgment.

**IT IS THEREFORE ORDERED** that the Motion For Entry Of Judgment be granted and a Final Judgment be entered, as follows:

**I.**
**Recitals**

1. This Final Judgment resolves the claims of the Plaintiff EEOC in the Original Complaint, (Dkt. 1) filed in the above-referenced Civil Action No. 4:17-CV-614. The EEOC

initiated its lawsuit under the Equal Pay Act, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Dr. Martha Storrie, who was allegedly adversely affected by such practices. This Final Judgment also resolves the claims in Intervention, filed by Dr. Storrie in the Complaint In Intervention (Dkt. 11), made pursuant to Title VII of the Civil Rights Act of 1964.

2. Denton County contends that at all times it has complied with and exceeded its obligations under state and federal laws prohibiting discrimination on the basis of gender. Denton County expressly denies any liability or that they have violated any of Dr. Storrie's rights under applicable state or federal law.

3. Denton County, on October 16, 2018, served on the EEOC and Dr. Storrie an offer to allow judgment to taken by the EEOC and Dr. Storrie on specified terms pursuant to Fed. R. Civ. P. 68(a). The EEOC and Dr. Storrie, on October 17, 2018, served written notice to Denton County accepting its offer pursuant to Fed. R. Civ. P. 68(a). The EEOC and Dr. Storrie then filed, as directed by Fed. R. Civ. P. 68(a), Denton County's offer, their own acceptance, plus proof of service, along with the agreed upon language for the Final Judgment.

## II.
## Preliminary Findings

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. The EEOC's Complaint and Dr. Storrie's Complaint In Intervention state claims which, if proved, would authorize this Court to grant relief against Defendant. Denton County denies that it has engaged in any conduct for which it would be liable for claims made by the EEOC or Dr. Storrie.

2. This Final Judgment resolves all issues raised in the EEOC's Original Complaint (Dkt. 1) and the Complaint In Intervention (Dkt. 11). The EEOC and Dr. Storrie waive further litigation of all issues raised in the Original Complaint and the Complaint In Intervention. EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendant.

3. The duration of any remedial provisions as set out below in this Final Judgment shall be three (3) years from its effective date. The effective date of this Final Judgment will be the date when it is signed and filed by the Court. This Court shall retain jurisdiction of this action for a period of three (3) years, and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Final Judgment.

## III.
## Relief with Respect to Dr. Storrie

1. Defendant agrees to pay to Dr. Martha Storrie the full and final sum of One Hundred Fifteen Thousand Dollars and zero cents ($115,000.00) in compromise and satisfaction of all claims. Payment shall be mailed directly to Brandi J. McKay, Counsel for Dr. Storrie at:

> Ms. Brandi J. McKay
> Scheef & Stone, LLP
> 2600 Network Blvd., Suite 400
> Frisco, Texas 75034

A copy of the settlement check, tax documents such as a W-2 and 1099, and any accompanying transmittal documents will be forwarded to the EEOC to the attention of Suzanne M. Anderson, EEOC, 207 S. Houston Street, Third Floor, Dallas, TX 75202.

2. The payment referenced above shall be made within 30 days after the effective date of this Final Judgment. Defendant agrees to report to the EEOC within 30 days of entry of this Final Judgment regarding its compliance with this paragraph.

## IV.
## General Remedial Provisions and Equitable Relief

1.      During the next three years, Defendant, its employees, elected officials, and other persons in active concert or participation with it, or any of them, are enjoined from engaging in any employment practice that discriminates on the basis of sex (female) with respect to hiring, promotion, wages, termination, or any other employment action. Defendant further agrees not to retaliate in any way against any person because of opposition to any practice declared unlawful under the Equal Pay Act or Title VII of 1964, as amended, or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing.

2.      <u>Compensation Policy for Physicians</u>:  Defendant agrees that it shall, within 90 days of the execution of this Final Judgment, create and implement a written policy regarding the compensation policy for all new Physicians in the Public Health Department, and distribute it to all employees of the Denton County Public Health Department by email only.  Such policy shall include, but not be limited to, the following provisions: description of the County's prohibition of sex discrimination in payment of wages; a statement identifying the objective and subjective factors that will be used in the decision making process to set a starting salary; and, the County's commitment to the payment of fair wages under Title VII and the EPA.

3.      <u>Training</u>: For the next three years, Defendant agrees to conduct annual training for all hiring officials in the Public Health Department, which is limited to the Director of Public Health, and Human Resources Department employees who have oversight authority over the Denton County Public Health Department, which is limited to the Human Resources Director and Assistant Human Resources Director, advising them of the requirements and prohibitions of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act.  The training will inform the employees

of the complaint procedure for individuals who believe that they are being discriminated against by Defendant for unequal wages. This annual training will also advise hiring officials and human resource officials of the consequences imposed upon Defendant for violating Title VII and the EPA. The training shall be at least one (1) hour in duration. No less than ten (10) days before the training is conducted, Defendant agrees to give written notice to the EEOC as to the date and location of the training, the name and qualifications of the person providing the training and the substance of the training. All materials used in conjunction with the training shall be forwarded to the EEOC. Within twenty (20) days following the training, Defendant shall submit to the EEOC confirmation that the training was conducted, and a list of attendees.

      4.      <u>Notice</u>: The Defendant agrees to post the Notice attached hereto as Attachment "A" on an employee bulletin board or some other prominent place in all Denton County Health Department facilities for a period of three (3) years.

      5.      <u>Distribution of Notice</u>: The Defendant agrees that, once per year during the term of the Final Judgment, it shall physically distribute to all employees of the Public Health Department the Notice attached hereto as Attachment "A" and shall do so by email distribution.

      6.      Defendant will, within 30 days of the effective date of this Final Judgment send a written report to the EEOC confirming that Attachment "A" was posted in compliance with this Final Judgment.

      7.      If the EEOC has reason to believe that Defendant has not complied with any term or provision of this Final Judgment, it shall provide written notice of the alleged non-compliance within fifteen (15) days following the discovery of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Violation"). The Notice of Alleged Violation shall include the section(s) and paragraph(s) of this Final Judgment alleged to be violated and a statement of the

5

Final Judgment

specific facts and circumstances relied upon as the basis of the EEOC's claim of non-compliance. A copy of the Notice of Alleged Violation shall be sent to both Counsel for Denton County, Robert J. Davis, 8131 LBJ Freeway, Suite 700, Dallas, Texas 75251 and the DENTON COUNTY DISTRICT ATTORNEY'S OFFICE, Civil Division, 1450 E. McKinney St., Suite 3100, Denton, TX 76209. Defendant shall have fifteen (15) days from receipt of the Notice of Alleged Violation to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The fifteen (15) day period may be extended by written agreement of the EEOC and Defendant, which agreement shall not be unreasonably withheld. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Final Judgment with the Court, providing the Defendant with written notice of the request for relief. No hearing shall be set by the Court for at least thirty (30) days after the written notice has been filed by the EEOC with the Court.

8. All reports to the EEOC required by this Final Judgment shall be sent to Suzanne Anderson, Supervisory Trial Attorney, EEOC, 207 S. Houston St., Third Floor, Dallas, TX 75202.

9. Neither the EEOC, Intervenor, nor Defendant shall contest the validity of this Final Judgment nor the jurisdiction of the federal district court to enforce this Final Judgment and its terms for a period of three years or the right of either party to the Final Judgment to bring an enforcement action upon breach of any term of this Final Judgment by either such party. Nothing in this Final Judgment shall be construed to preclude the EEOC from enforcing this Final Judgment in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Final Judgment through civil action in the United States District Court.

10. Each party shall bear its own costs, including attorneys' fees incurred in this action.

11. No other relief other than that which is set forth above is sought or granted.

**IT IS SO ORDERED.**

**SIGNED this 24th day of October, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

ATTACHMENT A

This NOTICE is being posted pursuant to a Final Judgement between Denton County Health Department and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC"). This NOTICE will be conspicuously posted for a period of three (3) years at this facility. It must not be altered, defaced, or covered by any other material.

**POLICY:** Title VII and the Equal Pay Act prohibit employers from discriminating against employees because of their gender in the payment of wages. The Equal Pay Act provides that:

> No employer ... shall discriminate ... between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1)(2000).

The Denton County Health Department reaffirms its commitment to pay equal wages to men and women who perform substantially similar work in jobs that require substantially equal work, responsibility, effort, and that are performed under similar conditions within the same establishment. Wages include all forms of compensation, including hourly pay, salary, overtime pay, increases and bonuses.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act, and to reiterate Denton County Health Department's policy against discrimination.

**SCOPE**: This policy extends to all employees of Denton County Health Department, including management, non-management, temporary and/or probationary.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding sex-based discrimination. Employees are expected to read, understand, and follow the policies that the Dallas County Health Department has established to prevent discrimination.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to sex-based discrimination and/or retaliation is expected to report the alleged act as soon as possible to that person's immediate supervisor, any supervisor or manager with Denton County Health Department or to the Human Resources Department. The Human Resources Department may be contacted at 401 W. Hickory, Suite 516, Denton, Texas 76201or by telephone at (940)-349-3080. Supervisors and managers who are informed of an alleged incident of sex-based discrimination or retaliation must immediately notify the Human Resources Department.

In addition to reporting a complaint of sex-based discrimination and/or retaliation to company

officials, a person may also contact the U.S. Equal Employment Opportunity Commission, and file a charge of employment discrimination. The address and telephone number of the EEOC office is 207 S. Houston Street, Dallas, Texas 75202, telephone: 214-253-2700. Information about employment rights and the procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be undertaken immediately by the Human Resources Department. The investigation may include interviews of all employees and supervisors at the facility, the inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees engaged in sex-based discrimination or retaliation can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have engaged in sex-based discrimination or retaliation against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964 or the Equal Pay Act. Denton County Health Department will not punish you for reporting sex-based discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes sex-based discrimination or retaliation requires a determination based on all available facts. Dallas County Health Department will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**EXCEPTIONS:** There are no exceptions to this policy.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE (3) YEARS.

Signed this _____day of _____, 2018.

_____                       _____
Date                                                Denton County Health Department